UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JERMAINE JOSEPH DUNLAP, | ) | 1:08-cv-01770-OWW-BAK-SMS HC |
| | ) | |
| Petitioner, | ) | ORDER REQUIRING PETITIONER TO FILE |
| | ) | SECOND AMENDED PETITION |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT TO |
| | ) | SEND PETITIONER FORM FOR FILING |
| BOARD OF PRISON HEARINGS, et al., | ) | PETITION PURSUANT TO 28 U.S.C. § 2254 |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 19, 2008, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1). On April 2, 2009, the Court ordered Petitioner to file an amended petition because the original petition was unintelligible and failed to state a claim upon which federal habeas relief could be granted. (Doc. 10). On April 20, 2009, Petitioner filed his first amended petition. Reluctantly, the Court reaches the same conclusion as it did with the original petition.

A. <u>Preliminary Screening of the Petition</u>.

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary

1

review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules Governing § 2254 Cases. A preliminary review of the Petition reveals that Petitioner may not have exhausted his state court remedies, that Petitioner's claims are incomprehensible, that he has named an improper Respondent, and that Petitioner has not provided sufficient information to permit an assessment regarding whether he filed his Petition beyond the applicable one-year statute of limitations period.

B. Failure to State a Comprehensible and Cognizable Habeas Claim.

A federal court may only grant a petition for writ of habeas corpus if a petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254 (a). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

A petition for writ of habeas corpus must therefore specify the grounds for relief. Rule 2(c) of the Rules Governing Section 2254 Cases. The petition must also allege the facts surrounding the petitioner's incarceration. 28 U.S.C. § 2242. The petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); United States v. Poopola, 881 F.2d 811, 812 (9th Cir. 1989).

At a minimum, the Court must be able to discern (1) the constitutional nature of the habeas claim; (2) the pertinent facts supporting the claim; and (3) the relief requested. In the amended petition, as with the original petition, the Court can discern none of these essential components of a cognizable habeas petition because Petitioner's "claim" or "claims" are completely incomprehensible.

For example, Ground One states as follows:

> Ex parte modification of injunction and temporary injunction: fugitive division. This cause came on to be heard upon petition's application for an order seeking clarification and modification of injunction and temporary injunction; and the court of appeals having or had before it the petition for motion modifying injunction and temporary injunction for protection attached thereto, it is hereby.....

(Doc. 1, p. 5).

Ground Two alleges:

> Petition under 28 U.S.C. 2254 for writ of habeas corpus by or of a person in state custody. The visage refers to the form, proportions, and expression of the face especially indicative of general temperment of under penalty of perjury of or having to do with the performance; specifically, designating or having to do with a statement that functions as an action and hence, is neither true nor false, when the procedure....

(Id.).

In a similar vein, Ground Three alleges as follows:

> Conforming to an accepted standard or to good usage; to surrender custody due process the Fourteenth Amendment of the constitution protects of a due process rights in a procedures of the due process clause of the Fourteenth Amendment to the U.S. Constitution applies to parole revocation; a written acknowledgment of a debt to a person named, but neither payable....

(Doc. 1, p. 6).[1]

Finally, Ground Four alleges the following:

> The evaluation seems to be inappropriate amid the disarray of dropping some tea and all of hearing about the sound of the past kept the individual spell bound, as to what's the difference of the sound of the though of what's you and if the writer could use a single word to sum up the initial step of the investigative forensic evaluation to find more about the remedial plan that makes the difference between a changed and an unchanged event or the individual or him or her/self.

(Id.).

Attached to the form petition are several pages of handwritten assertions, none of which can be directly related back to any of the four "claims" discussed above, nor do they appear to delineate legal claims themselves, nor do they otherwise appear to provide any relevant information regarding any conceivable grounds for habeas relief. Perhaps each of the four grounds listed above are intended to be separate, or perhaps they are all part of one larger claim.

---

[1] The Court notes that each of the first three grounds for relief in the amended petition are identical to the first three unintelligible grounds for relief in the original petition. The only claim in the amended petition that diverges from the original petition is Ground Four, which is also unintelligible.

3

Perhaps the additional pages are meant to supplement that one claim, or perhaps only certain of the "claims," or perhaps only one of them. The supplemental "arguments" provide no clearer path for the Court than the claims themselves.

From the foregoing "claim" or "claims," and given the dearth of information provided by Petitioner, the Court is utterly unable to determine the nature of the claim or claims Petitioner is attempting to allege in the amended petition. The Court cannot even determine whether Petitioner is challenging his state court conviction, a revocation or denial of parole, or a disciplinary proceeding while he was in custody. In his original petition, Petitioner attached a transcript of a parole hearing that deferred a decision until after Petitioner was given a psychiatric evaluation. He also attached documents that suggest he was unhappy with being placed in administrative segregation. However, none of those documents were included in the amended petition and therefore are not before the Court. Moreover, none of Petitioner's information or allegations in the amended petition provides even a marginally lucid explanation of cognizable habeas claims or foundational facts upon which the Court could proceed.

It is not the duty of federal courts to try to second guess the meanings of allegations and written statements of petitioners. More so, it is not the duty of the Court to divine Petitioner's intent when that intent is not clearly expressed. Rather, the duty devolves upon the individual to assert a denial of his constitutional rights and to provide the Court with a statement *of sufficient clarity and sufficient supporting facts* to enable the Court to understand his claims and to render reasonable decisions on the matter.

Moreover, Petitioner does not appear to allege "constitutional error" at any point in his filings. While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of creating a federal claim for the petitioner out of whole cloth. A petitioner in federal court cannot merely make a declaratory statement about his circumstances and expect the Court to explore all possible grounds under each article and amendment of the Constitution that might be applicable.

Accordingly, Petitioner will be afforded one last chance to amend his petition to state cognizable federal habeas claims in a coherent manner, using the form provided by the Court.

Petitioner will be required to fill out that form completely, using clear and precise language to explain his claim or claims to this Court. If he is unable to do so, the Court will issue Findings and Recommendations to dismiss the petition.

**ORDER**

Accordingly, it is HEREBY ORDERED:

1. Within thirty (30) days of the date of service of this Order, Petitioner SHALL FILE A SECOND AMENDED PETITION in which Petitioner fills out the form provided by the Court and properly states all grounds for relief in the form itself in a succinct and clear fashion and names the proper Respondent. The second amended petition should be clearly and boldly titled "SECOND AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury. Petitioner should also note that every pleading to which an amendment is permitted *must be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading.* Local Rule 15-220.

2. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for federal prisoners filing pursuant to § 2254.

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:** **May 15, 2009**         /s/ Sandra M. Snyder
                              UNITED STATES MAGISTRATE JUDGE