UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JERMAINE JOSEPH DUNLAP, | ) | 1:08-cv-01770-OWW-BAK-SMS HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | DISMISS SECOND AMENDED PETITION |
| v. | ) | (Doc. 15) |
| | ) | |
| | ) | ORDER DIRECTING OBJECTIONS BE FILED |
| BOARD OF PRISON HEARINGS, et al., | ) | WITHIN TWENTY DAYS |
| | ) | |
| Respondents. | ) | |
| | ) | |

   Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On November 19, 2008, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1).  On April 2, 2009, the Court ordered Petitioner to file an amended petition because the original petition was completely unintelligible and therefore failed to state a claim upon which federal habeas relief could be granted.  (Doc. 10).  On April 20, 2009, Petitioner filed his first amended petition.  The first amended petition contained virtually identical allegations to the original, incomprehensible petition.  Accordingly, on May 15, 2009, the Court again ordered Petitioner to amend his petition, this time by filing a second amended petition. (Doc. 14).  On May 21, 2009, Petitioner complied, filing a second amended petition that appears to be as incomprehensible as the first two petitions.

   A. <u>Preliminary Screening of the Petition</u>.

   Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it

plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir.1990). Otherwise, the Court will order Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases.  A preliminary review of the Petition reveals that Petitioner may not have exhausted his state court remedies, that Petitioner's claims are incomprehensible, that he has named an improper Respondent, and that Petitioner has not provided sufficient information to permit an assessment regarding whether he filed his Petition beyond the applicable one-year statute of limitations period.

        B.  <u>Failure to State a Comprehensible and Cognizable Habeas Claim.</u>

A federal court may only grant a petition for writ of habeas corpus if a petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254 (a). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254,  Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

A petition for writ of habeas corpus must therefore specify the grounds for relief. Rule 2(c) of the Rules Governing Section 2254 Cases.  The petition must also allege the facts surrounding the petitioner's incarceration.  28 U.S.C. § 2242.  The petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true.  <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>United States v. Poopola</u>, 881 F.2d 811, 812 (9th Cir. 1989).

At a minimum, the Court must be able to discern (1) the constitutional nature of the habeas claim; (2) the pertinent facts supporting the claim; and (3) the relief requested.  In the second amended petition, as with the original petition and the first amended petition, the Court can discern none of these essential components of a cognizable habeas petition because Petitioner's "claim" or "claims" are completely incomprehensible.

1      For example, Ground One states as follows:

2      Ex parte modification of injunction and temporary injunction: fugitive division.  This cause came on to be heard upon petition's application for an order seeking clarification and modification of injunction and temporary injunction; and the court of appeals having or had before it the petition for motion modifying injunction and temporary injunction for protection attached thereto, it is hearby [sic].....

5      (Doc. 15, p. 5).

6      Ground Two alleges:

7      Petition under 28 U.S.C. 2254 for writ of habeas corpus by or of a person in state custody. The visage refers to the form, proportions, and expression of the face especially indicative of general temperment of under penalty of perjury of or having to do with the performance; specifically, designating or having to do with a statement that functions as an action and hence, is neither true nor false, when the procedure....

10     (Id.).

11     In a similar vein, Ground Three alleges as follows:

12     Conforming to an accepted standard or to good usage; to surrender custody due process the Fourteenth Amendment of the constitution protects of a due process rights in a procedures of the due process clause of the Fourteenth Amendment to the U.S......

14     (Doc. 15, p. 6).[1]

15     Finally, Ground Four alleges the following:

16     The evaluation seems to be inappropriate amid the disarray of dropping some tea and all of hearing about the sound of the past kept the individual spell bound, as to what's the difference of the sound of the though of what's you and if the writer could use a single word to......

18     (Id.).

        From the foregoing "claim" or "claims," and given the dearth of information provided by Petitioner, the Court is utterly unable to determine the nature of the claim or claims Petitioner is attempting to allege in the second amended petition.  The Court cannot even determine whether Petitioner is challenging his state court conviction, a revocation or denial of parole, or a disciplinary proceeding that occurred while he was in custody.  In his original petition, Petitioner attached a transcript of a parole hearing that deferred a decision until after Petitioner was given a psychiatric evaluation.  He also attached documents that suggest he was unhappy with being

---

[1] The Court notes that each of the grounds for relief in the second amended petition are identical to the unintelligible grounds for relief in the first amended petition, with the minor exception that Grounds Three and Four are slightly truncated from their predecessors in the first amended petition.

3

1  placed in administrative segregation.  However, none of those documents were included in the
2  first or second amended petitions and therefore are not before the Court.
3       It is not the duty of federal courts to try to second guess the meanings of allegations and
4  written statements of petitioners.  More so, it is not the duty of the Court to divine Petitioner's
5  intent when that intent is not clearly expressed.  Rather, the duty devolves upon the individual to
6  assert a denial of his constitutional rights and to provide the Court with a statement *of sufficient*
7  *clarity and sufficient supporting facts* to enable the Court to understand his claims and to render
8  reasonable decisions on the matter.
9       Moreover, Petitioner does not appear to allege "constitutional error" at any point in his
10 filings.  While courts should liberally interpret pro se pleadings with leniency and understanding,
11 this should not place on the reviewing court the entire onus of creating a federal claim for the
12 petitioner out of whole cloth.  A petitioner in federal court cannot merely make a declaratory
13 statement about his circumstances and expect the court to explore all possible grounds under
14 each article and amendment of the Constitution that might be applicable.
15      Petitioner has now been afforded three opportunities to state a claim for federal habeas
16 relief.  In both orders requiring Petitioner to amend his claims, the Court clearly outlined the
17 difficulties inherent in Petitioner's allegations and set forth the standard Petitioner is required to
18 meet to state a cognizable federal habeas claim.  However, rather than taking the Court's
19 concerns to heart, Petitioner has essentially re-filed the same incomprehensible allegations on
20 three separate occasions.  Accordingly, the Court sees no reason to provide Petitioner with a
21 fourth opportunity to state a federal claim.  Petitioner was advised in the previous order that his
22 failure to allege viable federal habeas claims in the second amended petition would result in a
23 recommendation that the case be dismissed.  We have now reached that point in the proceedings.

**RECOMMENDATION**

Accordingly, it is HEREBY RECOMMENDED that:

1.   The second amended petition (Doc. 15), be DISMISSED for failure to state a
     claim upon which habeas relief can be granted.

1  This Findings and Recommendations is submitted to the United States District Judge
2  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of
3  the Local Rules of Practice for the United States District Court, Eastern District of California.
4  Within twenty (20) days after being served with a copy, any party may file written objections
5  with the court and serve a copy on all parties.  Such a document should be captioned "Objections
6  to Magistrate Judge's Findings and Recommendations."  The Court will then review the
7  Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that
8  failure to file objections within the specified time may waive the right to appeal the District
9  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

11  IT IS SO ORDERED.

13  DATED:     June 22, 2009
14                                         By        /s/ Sandra M. Snyder
                                                   SANDRA M. SNYDER
15                                                 United States Magistrate Judge